## THURMAN v. STATE.

### Ohio Appeals, 4th Dist., Pike Co.

### Decided Jan. 24, 1928.

#### First Publication of This Opinion.

### Syllabus by Editorial Staff.

**941. PRACTICE & PROCEDURE.**

Where case proceeds during oral argument, with no judge present to control conduct of same, and, during such argument, controversy arises between counsel, and is incapable of determination because of no judge being present to determine it, such situation alone would require reversal of judgment.

**1077. SELF DEFENSE—225 Charge of Court—333 Criminal Law.**

1. In action on indictment charging murder, where accused pleads self defense, charge that "killing must be the only means by which the party assailed can save his own life or save himself from great bodily harm" held erroneous.

2. Statutes give those desiring to do so, privilege of bringing peace warrant proceedings, but do not impose duty upon any one to employ that remedy.

3. Charge that "before Thurman can justify killing Horn, it must be manifest that Horn intended and endeavored to kill him," held erroneous.

4. Where plea is self defense, and evidence shows that deceased was the aggressor, real question is whether or not accused used more violence than the circumstances required.

### Error to Common Pleas.
### Judgment reversed.

Garrett S. Claypool, Chillicothe, and Geo. D. Nye, Waverly, for Thurman.

Earl D. Parker, Pros. Atty., Waverly, for State.

### STATEMENT OF FACTS.

Plaintiff in error was tried on an indictment charging him with murder in the second degree. He was found guilty of manslaughter, and, judgment having been entered upon that verdict, error is prosecuted to this court.

Thurman was charged with killing Otto Horn. The evidence tended to show that Thurman and others engaged by him for that purpose were cutting timber on a piece of property that Thurman had acquired but in which Horn claimed to have some interest. On the day of the homicide Horn came on the property and, the testimony shows, came in a hostile mood. He approached Thurman, in a menacing manner, with a club or stick in his hand and Thurman retreated a short distance up the hill to where he had left his gun. When Thurman got back to where the gun was he took the weapon and killed Horn.

At the time the prosecuting attorney began his argument the trial judge left the court room and went into another room not adjacent to the court room and there stayed during the prosecuting attorney's argument, and apparently during all the argument of defendant's counsel, and during the closing argument of the state. While the last argument was being made counsel for the defendant objected to remarks being made by the prosecuting attorney, but the objections were launched at the prosecuting attorney rather than the trial judge because there was no trial judge present.

MAUCK, J.

"While the trial judge has certified in the bill of exceptions that these were the remarks to which the defendant objected, we are at a loss to know how the trial judge could have ascertained what the objectionable remarks in fact were. He was not present in the court room. The stenographer was not present. So that, to have made up the record, the judge must have taken the statements of others as to what actually occurred. The only thing that we can be sure of is that the case proceeded during all the argument with no judge present to control the conduct of the case, and that, during that absence, a controversy arose between counsel and that was at the time incapable of determination because there was no judge present to determine it. This situation is such as was condemned in Miller v. State, 73 OS. 195, and alone would require a reversal of the judgment of conviction.

There were serious errors in the instructions to the jury. The charge in this case was largely taken from State v. Martin, 9 O.D. 778. The plaintiff in error says, in a supplemental brief, that this charge was found erroneous and the judgment pronounced thereon reversed, in Martin v. State, 17 CC. 406. Counsel were probably led to this conclusion by a statement in Page's Digest, column 5264, but the digest is wrong. The reversal reported in 17 CC. 406, was of an earlier trial of the Martin case. The charge reported in 9 OD. 778 was never reviewed because the accused was acquitted. It did, however, offend against part of the doctrine laid down in the earlier case in the Circuit Court and was erroneous in a number of particulars and was an unsafe guide to the trial court in the instant case. Taking up the charge in the case at bar rather than the one from which it was taken, we now hold the charge in this case to have been wrong at least in the following particulars:

1. It was wrong in that it held that if the accused feared the decedent for a period of time prior to the killing it was the duty of the accused to institute and prosecute proceedings commonly known as peace warrant proceedings. These sections give those desiring so to do the privilege of pursuing the remedy therein provided but there is no duty upon any one to employ that remedy. That procedure may, in a particular instance, easily excite rather than allay difficulties, and failure to use it ought not to have been submitted to the jury as indicating anything in this case. People v. Gonzales, 71 Cal. 569, 12 Pac. 783, Evers v. People, 3 Hun. 716.

2. The charge was erroneous in saying that the "killing must be the only means by which the party assailed can save his own life or save himself from great bodily harm."

Flight was possible to the accused in this case and this charge consequently required the jury to convict if they thought that further retreat by the defendant could have been made. In this it violated the principle settled in Erwin v. State, 28 OS. 186.

3. Generally the court charged correctly that the necessity of killing might arise either from the danger of the accused losing his life or the danger of suffering great bodily harm. Once, at least, however, the court put it squarely thus, (p. 192): "Before Thurman can justify killing Horn it must be manifest that Horn intended and endeavored to kill him."

As the evidence appears to us there was one vital question in the case involving the law of self defense, and that question was never referred to in the charge at all. The uncontroverted testimony is that Horn was the aggressor. He was menacing Thurman, however, with a club only. The real question in the case was whether or not Thurman, in the situation in which he found himself, used more violence in repelling Horn than the circumstances required. That was the one question that ought to have been tried out and that was the one question apparently that was not tried out."

The record requires a new trial.

Judgment reversed and the cause remanded for a new trial according to law."

(Middleton, PJ., concurs. Thomas, J., not participating.)